1  **HOGAN LOVELLS US LLP**
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
3  Paul B. Salvaty (Bar No. 171507)
4  Laura M. Groen (Bar No. 294719)
   paul.salvaty@hoganlovells.com
5  laura.groen@hoganlovells.com

6  *Attorneys for Plaintiff*, ANTHONY BROWN, SR**.**
7

8                **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10

11

12 ANTHONY BROWN, SR.,                    **CASE NO.: CV13-02620 PSG (PJW)**
                                           *Hon. Philip S. Gutierrez – Ctrm. 880 (Roybal)*
13            Plaintiff,                   *Hon. Mag. Patrick J. Walsh – Ctrm. 23, 3ʳᵈ Flr.*

14      vs.                               **PLAINTIFF'S UNOPPOSED**
                                           **MOTION FOR AN ORDER FOR**
15 VERONICA CONRADO, et al.,              **TEMPORARY TRANSFER OF**
                                           **PLAINTIFF TO LOS ANGELES TO**
16            Defendants.                 **ATTEND SETTLEMENT**
                                           **CONFERENCE AND MEET WITH**
17                                         **COUNSEL**
18

19                                         (*Filed concurrently with Declaration of*
20                                         *Laura M. Groen and [Proposed] Order*)
21

22

23

24

25

26

27

28

                                                 UNOPPOSED MOTION FOR AN ORDER
                                                     FOR TEMPORARY TRANSFER

## I.   INTRODUCTION

Plaintiff Anthony Brown, Sr. ("Plaintiff"), an inmate at Mule Creek State Prison, respectfully requests an order to temporarily transfer him to a Los Angeles penitentiary for three days to allow Plaintiff to participate in the settlement conference scheduled before this Court on December 5, 2019, and to meet confidentially and in-person with his counsel prior to the settlement conference.  Plaintiff also requests permission from the Court to present his settlement offer to Defendants at the start of the settlement conference on December 5, 2019, to allow Plaintiff the opportunity to review the evidence and confer with his counsel at length with regard to the offer. Plaintiff's counsel conferred with Defendants' counsel regarding this request and Defendants represented that they do not oppose Plaintiff's requests.  Declaration of L. Groen ("Groen Decl.") ¶ 10, Ex. D.

## II.   ARGUMENT

A prisoner has a statutory right under California Penal Code section 2601(d) to initiate civil actions, which carries with it a right of meaningful access to the courts to prosecute the action.  *See Yarbrough v. Superior Court*, 39 Cal. 3d 197, 203–07 (1985).  Meaningful access to the courts is also guaranteed to inmates under the Fourteenth Amendment.  *See In re Grimes*, 208 Cal. App. 3d 1175, 1183 (1989). While meaningful access to the courts by an indigent prisoner "does not necessarily mandate a particular remedy," California courts have held that a prisoner's access to the court in civil actions may be satisfied by providing the prisoner with access to counsel or transfer of the prisoner to court.  *See Payne v. Superior Court*, 17 Cal. 3d 908, 923–24 (1976) (providing counsel); *Wantuch v. Davis*, 32 Cal. App. 4th 786, 792 (1995) (citing Cal. Penal Code §§ 1567, 2620) (discussing remedies of appointment of counsel and transfer to court).

Courts can provide prisoners with alternative methods of access to counsel in the event that personal visits at the prison are "inconvenient," mail service is "ineffective"

UNOPPOSED MOTION FOR AN ORDER
FOR TEMPORARY TRANSFER

for immediate communication, and the prison has a practice of limiting confidential phone calls, which "severely restrict[s]" the prisoner's access to counsel. *See In re Grimes*, 208 Cal. App. 3d at 1182–84.

It would benefit Plaintiff and all participants in this case for Plaintiff to be allowed to confer with his counsel confidentially and in-person prior to presenting his settlement offer, and for Plaintiff to be allowed to attend the settlement conference on December 5, 2019. Plaintiff's involvement and active participation in the settlement conference will be critical to the outcome. Plaintiff would like the opportunity to review the discovery produced in this case with his counsel in confidence prior to making his settlement offer.

Mule Creek State Prison is more than 370 miles from Los Angeles, where counsel for Plaintiff are located. While counsel has made two trips to Ione, California to see Plaintiff in person,[1] due to the distance, most of Plaintiff's communications with his counsel are by telephone and mail. *See* Groen Decl. ¶¶ 2-3. However, these methods of communication have proven to be difficult, subject to delay, and unpredictable. Plaintiff's counsel has attempted to schedule confidential calls with Plaintiff through the Mule Creek State Prison legal department every two to three weeks to provide updates on the case and to receive Plaintiff's input. However these calls often take many days just to schedule, and recently, the legal department informed counsel (for the first time) that providing these calls to Mr. Brown is "critically burdensome" to the prison system and that confidential legal calls "are not being approved on most cases in [sic] moving forward." *See* Groen Decl. ¶¶ 6–7, Ex. B.[2]

---

[1] Counsel is unable to travel to Mule Creek State Prison between now and the settlement conference due to a mid-November trial in state court and other scheduling conflicts. Groen Decl. ¶ 4.

[2] The Mule Creek Prison Legal Department previously told Plaintiff's counsel that "[p]hone calls are allowed Monday – Friday between 8:00 AM – 1:30 PM" and has not provided any explanation for the sudden change beyond the claim that the calls are "critically burdensome." Groen Decl. ¶5 Ex. A. It is unclear why a call would be more burdensome than an in-person attorney visit.

UNOPPOSED MOTION FOR AN ORDER
FOR TEMPORARY TRANSFER

Adding to the difficulty of conducting confidential communications, Mr. Brown informed counsel that certain prison employees told Mr. Brown that he specifically will be denied calls with his counsel because he is "suing cops" in the case at hand. Groen Decl. ¶ 8.  Mr. Brown also has reason to believe that his confidential mail to and from counsel is read by prison officials as it is opened outside of his presence (legal mail is usually opened in the presence of the inmate) and often takes more than a week to reach him, even though counsel sends letters by overnight mail and receives confirmation that the mail arrives at the prison within a day or two of its departure. Due to these comments and the irregular procedures applied to Plaintiff, Plaintiff requests that he be allowed to conduct his important and confidential settlement discussions with his counsel in-person.  Groen Decl. ¶ 8.[3]

As counsel is not able to travel to Plaintiff due to scheduling conflicts, and Plaintiff desires to have confidential discussions with his counsel prior to making his settlement offer, Plaintiff respectfully requests that the Court issue an order to the Warden of Mule Creek State Prison allowing Plaintiff to transfer to Los Angeles from December 3–5, 2019, to hold in-person meetings with counsel and to participate in the settlement conference set for December 5, 2019.  Plaintiff also requests permission to present his settlement offer at the start of the settlement conference, rather than in writing two weeks in advance, so that Plaintiff can review documents and confer with his counsel confidentially and in-person.

In addition, or in the alternative, Plaintiff requests an order allowing him to have regular confidential calls with his counsel on a bi-weekly basis or as needed for any urgent legal matters, including an order to allow Plaintiff to participate in the settlement conference by phone (if an in-person transfer is denied).

---

[3]     Plaintiff has good reason for his mistrust of the prison system.  Plaintiff acted as a whistleblower informant to the FBI in 2011, and was subsequently (and indisputably) kidnapped and hidden within the prison system by deputies before the actions of the deputies were discovered.  Plaintiff's actions as a whistleblower, and the Los Angeles County Sheriffs' Department's attempts to hide Plaintiff from the FBI, led to the convictions of Sherriff Lee Baca and his co-conspirators.  *See* Groen Decl. ¶ 9 Ex. C.

UNOPPOSED MOTION FOR AN ORDER
FOR TEMPORARY TRANSFER

## III.    CONCLUSION

Plaintiff respectfully requests that the Court grant his motion for an order temporarily transferring Plaintiff to a Los Angeles penitentiary in order for Plaintiff to meaningfully participate in the December 5, 2019 settlement conference and to confer confidentially and in-person with his counsel prior to the conference.  Plaintiff also requests permission to provide his first settlement offer to Defendants at the settlement conference, and requests an order allowing him regular calls with counsel, including on the day of the settlement conference (if he cannot attend in-person).

DATED: November 4, 2019      HOGAN LOVELLS US LLP

By:   _____s/ Laura M. Groen_____
LAURA M. GROEN
PAUL B. SALVATY
*Attorneys for Plaintiff*, ANTHONY BROWN, SR.

UNOPPOSED MOTION FOR AN ORDER
FOR TEMPORARY TRANSFER