**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Paul B. Salvaty (Bar No. 171507)
Laura M. Groen (Bar No. 294719)
paul.salvaty@hoganlovells.com
laura.groen@hoganlovells.com

*Attorneys for Plaintiff*, ANTHONY BROWN, SR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>VERONICA CONRADO, et al.,<br><br>Defendants. | **CASE NO.: CV13-02620 PSG (PJW)**<br>*Hon. Philip S. Gutierrez – Ctrm. 880 (Roybal)*<br>*Hon. Mag. Patrick J. Walsh – Ctrm. 23, 3rd Flr.*<br><br>**DECLARATION OF LAURA M. GROEN**<br><br>(*Filed concurrently with Plaintiff's Unopposed Motion for an Order for Temporary Transfer and [Proposed] Order*) |

## **DECLARATION OF LAURA M. GROEN**

I, Laura M. Groen, declare as follows:

1. I am duly licensed to practice in all Courts of the State of California and am a senior associate at the law firm of Hogan Lovells US LLP, counsel of record for Plaintiff Anthony Brown, Sr. ("Plaintiff"), an inmate at Mule Creek State Prison. I make this declaration in support of the Unopposed Motion for an Order for Temporary Transfer of Plaintiff to Los Angeles to Attend Settlement Conference and Meet with Counsel. I have personal knowledge of all the matters stated herein, and if called as a witness I could and would testify competently to the truth of such matters.

2. Plaintiff is an inmate incarcerated at Mule Creek State Prison located in Ione, California, which is 370 miles from Los Angeles, where counsel for Plaintiff are located.

3. Counsel has made two trips to Ione, California to confidentially meet with Plaintiff in person. However, due to the distance, most of Plaintiff's communications with his counsel are by telephone and regular mail.

4. Counsel is unable to travel to Mule Creek State Prison to confidentially meet with the Plaintiff before the settlement conference on December 5, 2019 due to a mid-November trial in state court and other scheduling conflicts.

5. On May 31, 2019, a representative from the Mule Creek State Prison Legal Department informed me via email that "[p]hone calls are allowed Monday – Friday between 8:00 AM – 1:30 PM." Attached hereto as **Exhibit A** is a true and correct copy of my May 31, 2019 communications with a representative of the Mule Creek State Prison Legal Department.

6. Since appearing as counsel in this case, I have attempted to schedule confidential calls with Plaintiff through the Mule Creek State Prison Legal Department every two to three weeks to provide updates on the case and to receive Plaintiff's input. These calls often take several days to schedule resulting in a week or

1  more passing after my request before I am able to communicate by phone with Mr. Brown.

2  7. On October 1, 2019, a representative from the Mule Creek State Prison Legal Department informed me via email for the first time that calls would only be approved on a "case by case" basis. The representative stated that "confidential legal calls are critically burdensome to institutional operations, and also create potential risks to the overall safety and security of the institution." I was additionally told that "confidential calls are not being approved on most cases in [sic] moving forward." Attached hereto as **Exhibit B** is a true and correct copy of my October 1, 2019 email communications with a representative of the Mule Creek State Prison Legal Department.

8. Mr. Brown informed me on our October 7, 2019 call that certain prison employees told Mr. Brown that he specifically will be denied calls with his counsel because he is "suing cops" in the case at hand. Mr. Brown also told me that has reason to believe that his confidential mail to and from counsel is being read by prison officials as it is opened outside of his presence and often takes more than a week to reach him, even though counsel sends letters by overnight mail and receives confirmation that the mail arrives at the prison within a day or two of its departure.

9. Attached as **Exhibit C** are copies of news articles reporting on Plaintiff's actions as a whistleblower for the FBI and the Los Angeles Sheriffs' Department's retaliation efforts against Plaintiff, which were printed by me on October 31, 2019 from the websites: https://abc7.com/news/former-lasd-deputy-james-sexton-freed-from-prison/1701028/, and https://www.nationofchange.org/2019/02/13/former-la-county-sheriff-faces-3yrs-in-prison-after-losing-appeal/, respectively.

10. I conferred with Defendants' counsel on October 31, 2019 via email regarding this request for a temporary transfer, and Defendants represented that they do not oppose Plaintiff's requests. Attached as **Exhibit D** is a true and correct copy of my October 31, 2019 communications with counsel for Defendants.

3
DECLARATION OF LAURA M. GROEN

1
2    I declare under penalty of perjury under the laws of the United States and the
3 State of California that the foregoing is true and correct.
4
5 Executed this 4th day of November 2019, in Los Angeles, California.
6
7    _____
            Laura M. Groen
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF LAURA M. GROEN