**MICHAEL N. FEUER**, City Attorney (SBN 111529x)
**SCOTT MARCUS,** Chief Assistant City Attorney (SBN 184980)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**EMILY COHEN**, Deputy City Attorney (SBN 285709)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Email: emily.s.cohen@lacity.org
Tel: (213) 978-8722; Fax: (213) 978-8785

Attorneys for Defendants **VERONICA CONRADO** and **JUAN GUERRA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN, SR., <br><br> Plaintiff, <br><br> vs. <br><br> VERONICA CONRADO, et. al., <br><br> Defendants. | Case No. **CV13-02620-PSG (PJW)** <br> *Hon. Philip S. Gutierrez- Ctrm. 880 (Roybal)* <br> *Hon. Mag Patrick J. Walsh- Ctrm. 23 – 3rd Flr.* <br><br> **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Final Pre Trial Conference: **4/29/22** <br> Trial: **5/26/22** <br> Courtroom: **880** |

### TO THE HONORABLE COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendants VERONICA CONRADO and JUAN GUERRA hereby submit the following Memorandum of Contentions of Fact and Law.

## I.    CONTENTIONS OF FACTS:

In 2005 Plaintiff was convicted of three counts of Penal Code Section 211, Robbery. He was sentenced to five years state prison. He was released in April of 2009. Some time prior to 2011, Plaintiff was also convicted of "writing bad checks" and "mail fraud" in New York and received six months of county jail.

1

Defendant was subsequently convicted in 2011 of twelve counts of Robbery or Attempted Robbery, in violation of Penal Code Sections 211 or 664/211 respectively, and is currently serving a prison sentence of 423 years to life.

Prior to his trial for twelve counts of robbery, but after initial discovery had been exchanged, former Deputy District Attorney Armenui Ashvanian obtained a warrant for a buccal swab from Superior Court Judge Veals for Plaintiff's DNA. DDA Ashvanian subsequently gave the signed warrant to Detective Veronica Conrado, who effectuated the warrant at the county jail where Plaintiff was being housed. The sample was taken without incident.

Plaintiff now alleges that he was held in a "chicken wing" hold by Sheriff's Deputies and his mouth was forced open to obtain a swab by Detective Conrado. He also alleges that Officer Guerra stood by and witnessed Detective Conrado obtain a buccal swab and failed to intervene.

The evidence was booked and the search warrant was returned.

Defense and Plaintiff have an agreement to continue the case. In the event that the court does not grant the continuance, Defense is filing our Memorandum of Facts and Law, Witness List, and Exhibit List in an abundance of caution.

**PLAINTIFF'S CLAIMS:**

**Claim 1:**    Violation of 42 U.S.C. § 1983, excessive force on plaintiff against Defendant Conrado City of Los Angeles.

**Claim 2:** Violation of 42 U.S.C. § 1983, unreasonable search on plaintiff against Defendant Conrado City of Los Angeles.

**Claim 3:** Failure to Intervene against Officer Guerra

**III.    ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS:**

**Claim 1:**    Violation of 42 U.S.C. § 1983, Unreasonable Seizure – Excessive Force

Ninth Circuit Model Instruction 9.25

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when Detective Conrado took a buccal swab of Plaintiff's mouth.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)      the nature of the crime or other circumstances known to the officer at the time force was applied;

(2)      whether the plaintiff posed an immediate threat to the safety of the officers or to others;

(3)      the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(4)      the type and amount of force used;

//

//

//

3

(5)   whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Defense may later request other factors particular to the case, as permitted by section (13) of this instruction.

**Claim 2:**   Violation of 42 U.S.C. § 1983, Unreasonable Seizure – Unreasonable Search

Ninth Circuit Model Instruction 9.12

As previously explained, the plaintiff has the burden of proving that the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they placed him in a "chicken wing hold" to effectuate a search warrant.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person. To prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Veronica Conrado searched the plaintiff's person;

2. in conducting the search, Det. Conrado acted intentionally; and

3. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiff must prove the

defendant intended to search the plaintiff's person. It is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search. However, the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights.

In determining whether the search was unreasonable, consider all of the circumstances, including:

(a) the scope of the particular intrusion;

(b) the manner in which it was conducted;

(c) the justification for initiating it; and

(d) the place in which it was conducted.

**Claim 3:**  Failure to Intervene

(1) [T]he officer had a realistic opportunity to intervene and prevent the harm;

(2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and

(3) the officer does not take reasonable steps to intervene."

*Jean-Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y.2008), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 Fed.Appx.18 (2d Cir. 2012).]

## IV.   **AFFIRMATIVE DEFENSES:**

Qualified Immunity

In Thompson v. Raheem, 885 F. 3d 582, 586 (9th Cir. 2018), the Ninth Circuit clarified that a qualified immunity defense to an excessive force claim is analyzed in three stages. In the first stage, the court assesses the severity of the intrusion by evaluating the type and amount of force inflicted. In the second stage,

the court evaluates the government's interest by assessing the severity of the crime; whether the suspect posed an immediate threat to the officers' or public's safety; and whether the suspect was resisting arrest or attempting to escape. In the third and final stage, the court balances the gravity of the intrusion against the government's need for the intrusion.

## V.   DEFENDANTS' EVIDENCE IN OPPOSITION TO EACH CLAIM

For the claims against Ms. Conrado, the defense intends on introducing the search warrant, signed by a judge, the property report, and the receipt for property, showing Ms. Conrado complied with the law and procedure for effectuating the search warrant. Defense also intends on eliciting her testimony that no force was used to take the buccal swab and that it was taken without incident.

For the claims against Mr. Guerra, the defense intends on introducing testimony from both Ms. Conrado and Mr. Guerra that they were following a lawful court order, no force was used to take the buccal swab, and that it was taken without incident.

## VI.   EVIDENTIARY PROBLEMS

Defendants are unaware of any evidentiary problems at this time. Plaintiff is in custody in Mule Creek State Prison in Northern California.

## VII.  CONTENTIONS OF LAW:

1.      Fourth Amendment seizure must be reasonable. *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989)

## VIII. BIFURCATION OF ISSUES

Not requested.

## IX. <u>LAW AND MOTION</u>

Defendants will move *in limine* for exclusion of references to unrelated causes of action that are unrelated to the date and time in question under F.R.E. 403, as well as undisclosed witnesses and exhibits under F.R.Civ.P. Rule 37(c). Defendant will formally move under Rule 50(a) for JMOL upon conclusion of plaintiff's case in chief.

## X. <u>JURY DEMAND</u>

1. A timely demand for jury trial has been made by the Defendant. This is a two day trial.

2. Defendant may seek attorney's fees pursuant to 42 U.S.C. §1988 if it is the prevailing party in this action and it can be shown Plaintiff prosecuted this action in bad faith.

## XI. <u>ABANDONMENT OF ISSUES</u>

None known at this time.


Dated: April 8, 2022      **MICHAEL N. FEUER**, City Attorney
**SCOTT MARCUS,** Chief Asst. City Attorney
**CORY M. BRENTE**, Senior Asst. City Atty.


By     /s/ *Emily Cohen*
_____
     **EMILY COHEN,** Deputy City Attorney
Attorneys For Defendants **VERONICA CORONADO AND JUAN GUERRA**

7